

FILED by_____ KS ___ D.C.

Nov 18, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

# 21-20566-CR-GRAHAM/MCALILEY

**Case No. _____**

**18 U.S.C. § 1349**
**18 U.S.C. § 1347**
**18 U.S.C. § 2**
**18 U.S.C. § 982(a)(7)**

**UNITED STATES OF AMERICA**

**v.**

**JESUS PORRAS,**
**JAROSLAVA RUIZ,**
**ANISLEY GOMEZ ANUEZ, and**
**LIDIA RODRIGUEZ OVIEDO,**

**Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Commercial Insurance

1.      The insurance companies Blue Cross Blue Shield ("BCBS"), Cigna, and UnitedHealth Group ("UHG") provided health insurance plans to private sector employees (collectively, "private insurance plans").  Recipients of the insurance benefits, services, and items provided by private insurance plans were commonly referred to as "beneficiaries."

2.      In addition, some employers offered Administrative Services Only ("ASO") insurance plans to their employees.  These employers contracted with private insurance plans to handle the administrative tasks such as billing, claims handling, and claims payment with respect to claims submitted on behalf of their employees. These ASO insurance plans reimbursed private

insurance plans for the money the insurance company paid out for health benefits for their respective employees.

3. Private insurance plans and the ASO insurance plans offered by employers and managed by BCBS, Cigna, and UHG were "health care benefit programs," as defined in Title 18, United States Code, Section 24(b).

4. Private insurance plans often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services. This occurred when the provider accepted assignment of the right to payment from the beneficiary.

5. To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to the beneficiaries' insurance plans. The claim forms were typically submitted electronically via the internet. The claim form required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known as either the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

6. When a provider submitted or caused the submission of a claim form to a private insurance plan, the provider certified that the contents of the form were true, correct, and complete, and that the form was prepared in compliance with the applicable laws and regulations concerning the submission of health care claims. The provider also certified that the services being billed

were medically necessary and were in fact provided as billed.

## The Defendants and Related Entities

7.      Ramirez Rehab Center, Inc. ("Ramirez Rehab") was a Florida corporation located at 8260 West Flagler Street, Suite 1E, Miami, Florida, 33144.  Ramirez Rehab was a medical clinic that purportedly provided private insurance plan beneficiaries with various medical treatment and services.

8.      Long Life Medical Services, Inc. ("Long Life") was a Florida corporation located at 8260 West Flagler Street, Suite 1E, Miami, Florida, 33144.  Long Life was a medical clinic that purportedly provided private insurance plan beneficiaries with various medical treatment and services.

9.      AA Ortiz Medical Center, Inc. ("AA Ortiz") was a Florida corporation located at 8080 West Flagler Street, Suite 3A, Miami, Florida, 33144.  AA Ortiz was a medical clinic that purportedly provided private insurance plan beneficiaries with various medical treatment and services.

10.     Perez Medical Center Inc. ("Perez Medical") was a Florida corporation located at 8080 West Flagler Street, Suite 3A, Miami, Florida, 33144.  Perez Medical was a medical clinic that purportedly provided private insurance plan beneficiaries with various medical treatment and services.

11.     Defendant **JESUS PORRAS** was a resident of Miami-Dade County and managed and operated Ramirez Rehab, Long Life, AA Ortiz, and Perez Medical.

12.     Defendant **JAROSLAVA RUIZ** was a resident of Miami-Dade County and worked as an office administrator for Ramirez Rehab, Long Life, AA Ortiz, and Perez Medical.

13.     Defendant **ANISLEY GOMEZ ANUEZ** was a resident of Miami-Dade County and worked as an office administrator for Ramirez Rehab, Long Life, AA Ortiz, and Perez Medical.

14.     Defendant **LIDIA RODRIGUEZ OVIEDO** was a resident of Miami-Dade County and worked as an office administrator for Ramirez Rehab, Long Life, AA Ortiz, and Perez Medical.

## COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.     From in or around June 2016, and continuing through in or around October 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JESUS PORRAS,**
**JAROSLAVA RUIZ,**
**ANISLEY GOMEZ ANUEZ, and**
**LIDIA RODRIGUEZ OVIEDO,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.     to knowingly and willfully execute a scheme and artifice to defraud health care benefit programs affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, private insurance plans and ASO insurance plans managed by the private insurance plans, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items,

4

and services, in violation of Title 18, United States Code, Section 1347; and

        b.     to knowingly and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

3.     It was the purpose of the conspiracy for the defendants and their coconspirators to unlawfully enrich themselves by, among other things: (a) offering, paying, soliciting, and receiving kickbacks for the referral of individuals to act as patients at the medical clinics; (b) offering and paying kickbacks to individuals to act as patients at the medical clinics; (c) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (d) concealing the submission of false and fraudulent claims to health care benefit programs; (e) concealing the receipt of fraud proceeds; and (f) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendants and their coconspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.     **JESUS PORRAS, JAROSLAVA RUIZ, ANISLEY GOMEZ ANUEZ, LIDIA RODRIGUEZ OVIEDO**, and others offered, paying, solicited, and received kickbacks for the referral of beneficiaries with private insurance plans in exchange for allowing Ramirez Rehab,

Long Life, AA Ortiz, and Perez Medical to bill for medical benefits, items, and services that were not medically necessary, not eligible for reimbursement, and not provided to the beneficiaries.

5.      **JESUS PORRAS, JAROSLAVA RUIZ, ANISLEY GOMEZ ANUEZ, LIDIA RODRIGUEZ OVIEDO**, and others paid kickbacks to beneficiaries with private insurance plans in exchange for allowing Ramirez Rehab, Long Life, AA Ortiz, and Perez Medical to bill for medical benefits, items, and services that were not medically necessary, not eligible for reimbursement, and not provided to the beneficiaries.

6.      **JESUS PORRAS, JAROSLAVA RUIZ, ANISLEY GOMEZ ANUEZ, LIDIA RODRIGUEZ OVIEDO**, and others falsified, altered, and caused the falsification and alteration of medical records, to include superbills for beneficiaries J.G., J.L., C.A., M.H., A.T., and others, which were used to submit false and fraudulent claims to the private insurance plans on behalf of Ramirez Rehab, Long Life, AA Ortiz, and Perez Medical.

7.      **JESUS PORRAS, JAROSLAVA RUIZ, ANISLEY GOMEZ ANUEZ, LIDIA RODRIGUEZ OVIEDO**, and others submitted and caused Ramirez Rehab, Long Life, AA Ortiz, and Perez Medical to submit, via interstate wire communications, approximately $34,689,712 in claims to the private insurance plans.  These claims falsely and fraudulently represented that various health care benefits were medically necessary, prescribed by a doctor, and had been provided by the medical clinics to beneficiaries with private insurance plans and ASO insurance plans managed by the private insurance plans.

8.      As a result of such false and fraudulent claims, private insurance plans and ASO insurance plans managed by the private insurance plans made payments to Ramirez Rehab, Long Life, AA Ortiz, and Perez Medical, via interstate wire communications, into the medical clinics' corporate bank accounts, in the amount of approximately $7,707,627.

9.      **JESUS PORRAS, JAROSLAVA RUIZ, ANISLEY GOMEZ ANUEZ, LIDIA RODRIGUEZ OVIEDO**, and others used the proceeds of the fraud for their personal use and benefit, the use and benefit of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2–11
### Health Care Fraud
### (18 U.S.C. § 1347)

1.      The General Allegations section of this Indictment is realleged and incorporated by reference as if fully set forth herein.

2.      From in or around June 2016, and continuing through in or around October 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JESUS PORRAS,
JAROSLAVA RUIZ,
ANISLEY GOMEZ ANUEZ, and
LIDIA RODRIGUEZ OVIEDO,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud health care benefit programs affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, private insurance plans and ASO insurance plans managed by the private insurance plans and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of said health care benefit programs.

### Purpose of the Scheme and Artifice

3.      It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things, (a) offering, paying, soliciting, and receiving kickbacks for the referral of individuals to act as patients at the medical clinics; (b)

7

offering and paying individuals kickbacks to act as patients at the medical clinics (c) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (d) concealing the submission of false and fraudulent claims to health care benefit programs; (e) concealing the receipt of the fraud proceeds; and (f) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

The Manner and Means section of Count 1 of this Indictment is realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution of the Scheme and Artifice

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, as specified in each count below, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice, in that the defendants submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and representing that Ramirez Rehab, Long Life, AA Ortiz, or Perez Medical provided medical items and services to the beneficiaries of private insurance plans and ASO insurance plans managed by private insurance plans pursuant to the claims as set forth below:

| Count | Defendants | Beneficiary | Clinic | Approx. Date Claim Submitted | Ins. Co. | Claim Number Last Four Digits | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|---|
| 2 | JESUS PORRAS, JAROSLAVA RUIZ, and LIDIA RODRIGUEZ OVIEDO | A.B.M. | AA Ortiz | 11/6/2017 | UHG | -3403 | therapeutic exercises, therapeutic activities, neuromuscular reeducation, and manual therapy ($1,500) |
| 3 | JESUS PORRAS and JAROSLAVA RUIZ | K.B. | Perez Medical | 12/20/2017 | UHG | -1001 | neuromuscular reeducation, therapeutic exercises, therapeutic activities, and manual therapy ($1,800) |
| 4 | JESUS PORRAS, JAROSLAVA RUIZ, ANISLEY GOMEZ ANUEZ, and LIDIA RODRIGUEZ OVIEDO | D.T. | AA Ortiz | 3/22/2018 | UHG | -0001 | office visit and nerve conduction study ($1,824) |
| 5 | JESUS PORRAS, JAROSLAVA RUIZ, and ANISLEY GOMEZ ANUEZ | J.G. | Ramirez Rehab | 4/3/2018 | BCBS | -9497 | chest x-ray, ankle x-ray, lumbosacral spine x-ray, and shoulder x-ray ($2,000) |

| Count | Defendants | Beneficiary | Clinic | Approx. Date Claim Submitted | Ins. Co. | Claim Number Last Four Digits | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|---|
| 6 | JESUS PORRAS, JAROSLAVA RUIZ, and ANISLEY GOMEZ ANUEZ | J.L. | Ramirez Rehab | 4/10/2018 | BCBS | -1607 | spontaneous nystagmus test, positional nystagmus test, caloric vestibular test, optokinetic nystagmus test, oscillating tracking test, sinusoidal vertical axis rotational testing, and nerve conduction studies ($3,365) |
| 7 | JESUS PORRAS, JAROSLAVA RUIZ, and ANISLEY GOMEZ ANUEZ | L.A. | Long Life | 5/10/2018 | UHG | -2002 | sinusoid rotational test, supplemental electrical test, basic vestibular evaluation, and oscillating tracking test ($2,027) |
| 8 | JESUS PORRAS, JAROSLAVA RUIZ, and ANISLEY GOMEZ ANUEZ | J.G.D. | AA Ortiz | 6/5/2018 | UHG | -3703 | paraffin bath therapy, ultrasound therapy, electrical stimulation, and infrared therapy ($1,800) |

| Count | Defendants | Beneficiary | Clinic | Approx. Date Claim Submitted | Ins. Co. | Claim Number Last Four Digits | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|---|
| 9 | JESUS PORRAS, JAROSLAVA RUIZ, and ANISLEY GOMEZ ANUEZ | C.A. | Ramirez Rehab | 6/15/2018 | BCBS | -1545 | outpatient visit of moderate complexity, electro-cardiogram, duplex scan of extremity veins, and nerve conduction studies ($2,728) |
| 10 | JESUS PORRAS, JAROSLAVA RUIZ, and ANISLEY GOMEZ ANUEZ | M.H. | Ramirez Rehab | 7/18/2018 | BCBS | -9974 | outpatient visit of moderate complexity, spontaneous nystagmus test, positional nystagmus test, caloric vestibular test, optokinetic nystagmus test, oscillating tracking test, sinusoidal vertical axis rotational testing, and use of vertical electrodes ($2,575) |

| Count | Defendants | Beneficiary | Clinic | Approx. Date Claim Submitted | Ins. Co. | Claim Number Last Four Digits | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|---|
| 11 | **JESUS PORRAS, JAROSLAVA RUIZ, and ANISLEY GOMEZ ANUEZ** | A.T. | Ramirez Rehab | 7/31/2018 | BCBS | -7089 | outpatient visit, duplex scan of extremity veins, electro-cardiogram, airway resistance tests, breathing capacity test, gas dilution or washout for determination of lung volumes, plethysmo-graphy for determination of lung volumes ($2,337) |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE
### (18 U.S.C. § 982(a)(7))

1.     The allegations of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **JESUS PORRAS, JAROSLAVA RUIZ, ANISLEY GOMEZ ANUEZ,** and **LIDIA RODRIGUEZ OVIEDO,** have an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 1347 or 1349, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross

12

proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3.     The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to a sum of approximately $7,707,627, which represents the total amount of gross proceeds traceable to the violations of Title 18, United States Code, Sections 1347 and 1349 alleged in the Indictment and which may be sought as a forfeiture money judgment.

4.     If any property subject to forfeiture, as a result of any act or omission of the defendant,

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;
>
> (d)     has been substantially diminished in value; or
>
> (e)     has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON


_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION


_____
EMILY M. GURSKIS
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JESUS PORRAS, et al.,

_____ Defendants/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*
### Superseding Case Information:

Court Division: (Select One)

[✓] Miami   [ ] Key West   [ ] FTL

[ ] WPB   [ ] FTP

New defendant(s)   [ ] Yes   [ ] No

Number of new defendants   _____

Total number of counts   _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect Spanish

4. This case will take   **5**   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| | (Check only one) | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | [✓] | Petty | [ ] |
| II | 6 to 10 days | [ ] | Minor | [ ] |
| III | 11 to 20 days | [ ] | Misdemeanor | [ ] |
| IV | 21 to 60 days | [ ] | Felony | [✓] |
| V | 61 days and over | [ ] | | |

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____

**EMILY GURSKIS**
DOJ Trial Attorney
Court ID No.   A5502499

*Penalty Sheet(s) attached

REV 3/19/21

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**        **JESUS PORRAS**

**Case No:**

**Count #:**   1

   Title 18, United States Code, Section 1349

   Conspiracy to Commit Health Care Fraud and Wire Fraud

**\*Max Penalty**:   Twenty (20) years' imprisonment

**Counts #:**   2 – 11

   Title 18, United States Code, Section 1347

   Health Care Fraud

**\*Max Penalty**:    Ten (10) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:**              **JAROSLAVA RUIZ**

**Case No:**

Count #:   1

   Title 18, United States Code, Section 1349

   Conspiracy to Commit Health Care Fraud and Wire Fraud

**\*Max Penalty:**   Twenty (20) years' imprisonment

Counts #:   2 – 11

   Title 18, United States Code, Section 1347

   Health Care Fraud

**\*Max Penalty:**    Ten (10) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**      **ANISLEY GOMEZ ANUEZ**

**Case No:**

Count #:   1

   Title 18, United States Code, Section 1349

   Conspiracy to Commit Health Care Fraud and Wire Fraud

**\*Max Penalty**:   Twenty (20) years' imprisonment

Counts #:   4 – 11

   Title 18, United States Code, Section 1347

   Health Care Fraud

**\*Max Penalty**:    Ten (10) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**     **LIDIA RODRIGUEZ OVIEDO**

**Case No:**

Count #:   1

Title 18, United States Code, Section 1349

Conspiracy to Commit Health Care Fraud and Wire Fraud

**\*Max Penalty**:   Twenty (20) years' imprisonment

Counts #:   2, 4

Title 18, United States Code, Section 1347

Health Care Fraud

**\*Max Penalty**:    Ten (10) years' imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**